**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Brad Tukes,

                Plaintiff,

v.

The Domestic Abuse/Harassment Office,
Nancy Libman, in her individual capacity,
and John/Jane Does, in their individual
capacities,

                Defendants.

Civ. No. 05-2184 (RHK/JSM)
**MEMORANDUM OPINION AND ORDER**

Brad Tukes, Saint Paul, Minnesota, *pro se*.

Paul K. Kohnstamm, Assistant Attorney General, Saint Paul, Minnesota, for Defendants.

**INTRODUCTION**

Plaintiff Brad Tukes ("Plaintiff") alleges claims against Defendant Ramsey County Domestic Abuse and Harassment Office (the "Office"), Defendant Nancy Libman, manager of the Office, and Defendants John/Jane Does, unidentified staff members of the Office (collectively "Defendants"), for civil rights violations pursuant to 28 U.S.C. § 1983, as well as claims for negligence and false imprisonment. Plaintiff contends that the Office and its staff members aided his wife in creating unsubstantiated petitions for multiple Orders for Protection, which were issued by Ramsey County District Court in 2002 and 2004. This matter comes before the Court on Defendants' Motion to Dismiss pursuant to Federal

Rules of Civil Procedure 12(b)(1) and 12(b)(6).  For the reasons set forth below, the Court will grant Defendants' Motion.

**BACKGROUND**

Although vague in substance and scope, the Complaint contains factual allegations discussing the procurement of several Orders for Protection[1] ("OFPs") against Plaintiff in Ramsey County, Minnesota.  (Am. Compl. ¶¶ 1-15.)  According to the Complaint, Plaintiff's wife sought OFPs on three separate occasions during 2002 and 2004.  (Am. Compl. ¶¶ 1, 6, 12.)  On each occasion, Libman and the Office's staff members assisted her in preparing and filing a petition for an OFP, which was then submitted to Ramsey County District Court for resolution.  (Am. Compl. ¶¶ 2, 7, 11.)  Based on the petitions, the court issued ex parte OFPs against Plaintiff on October 16, 2002; March 8, 2004; and December 13, 2004.  (Am. Compl. ¶¶ 3, 9, 12.)  Plaintiff alleges that the Office and its staff members "knowingly and willingly submitted . . . fraud on the court" by not investigating and intentionally filing "unsubstantiated allegations of emergenc[ies]" on behalf of Plaintiff's wife.  (Am. Compl. ¶¶ 2, 5, 7, 11.)

On September 20, 2005, nine months after the third OFP was issued, Plaintiff commenced this action against Defendants alleging three claims: (1) violation of his constitutional due process rights under 28 U.S.C. § 1983, (2) "gross" negligence, and (3)

---

[1] "An Order for Protection is a civil court order forbidding a person from physically harming another person or any minor children in the home or from causing fear of immediate physical harm."  See www.ramsey.courts.state.mn.us/ramsey_OFP.htm (published by Ramsey County Domestic Abuse Court).

false imprisonment. (Am. Compl. ¶¶ 58-60.) Defendants now move to dismiss Plaintiff's claims.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a federal court action for "lack of jurisdiction over the subject matter." Such a motion may challenge the sufficiency of the pleading on its face or the factual truthfulness of its averments. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). "Jurisdictional issues, whether they involve questions of law or fact, are for the court to decide." Faibisch v. University of Minn., 304 F.3d 797, 801 (8th Cir. 2002). "[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Osborn, 918 F.2d at 730. The plaintiff bears the burden of proving that subject matter jurisdiction does in fact exist. Id.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a federal court action for "failure to state a claim upon which relief can be granted." When reviewing a Motion to Dismiss under Rule 12(b)(6), the Court looks to factual allegations in the complaint. Morgan Distrib. Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989). All factual allegations must be accepted as true, and every reasonable inference must be made in favor of the plaintiff. Fed. R. Civ. P. 12(b)(6); Midwestern Mach., Inc. v. Northwest Airlines, Inc., 167 F.3d 439, 441 (8th Cir. 1999); Carney v. Houston, 33 F.3d 893, 894 (8th Cir. 1994). The Court will not consider conclusory allegations or "blindly accept legal conclusions drawn by the pleader of the facts." Kaylor v. Fields, 661 F.2d

3

1177, 1182 (8th Cir. 1981); Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). In addition to the complaint, the Court may also consider "materials embraced by the pleadings and materials that are part of the public record." In re K-tel Int'l Inc. Sec. Litig., 300 F.3d 881, 889 (8th Cir. 2002) (citations and internal quotations omitted). A complaint should not be dismissed for failure to state a claim "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## ANALYSIS

Plaintiff alleges one federal claim under § 1983 and two state common law claims against Defendants. The Court will address each in turn.

**I.     Section 1983 Claim**

Plaintiff contends that his constitutional due process rights were violated pursuant to § 1983 when the Office, Libman, and unidentified staff members "knowingly, willfully and intentionally" filed "unsubstantiated allegations of emergenc[ies]" with Ramsey County District Court, which led to the issuance of OFPs to protect his wife. (Am. Compl. ¶¶ 2, 4.) Plaintiff points out that the Minnesota Domestic Abuse Act, Minn. Stat. § 518B.01, allows the issuance of an ex parte OFP "only when the petition alleges 'an immediate and present danger of domestic abuse.'" (Am. Compl. ¶ 20.) Plaintiff alleges that the OFP petitions submitted by Defendants "had neither facts shown that support allegations of an immediate and present danger of domestic abuse or infliction of fear, nor [was there] material evidence [to] support an immediate and present danger or infliction of fear to

4

exercise the [D]omestic [A]buse [A]ct . . . ." (Am. Compl. ¶¶ 2, 8, 12.) Plaintiff relies upon a number of Minnesota state court cases, including Bjergum v. Bjergum, 392 N.W.2d 604 (Minn. Ct. App. 1986), and Andrasko v. Andrasko, 443 N.W.2d 228 (Minn. Ct. App. 1989), and argues that "his due process rights were violated by [Defendants'] fail[ure] to perform the duty of care required by the [D]omestic [A]buse [A]ct." (Am. Compl. ¶¶ 25, 29, 52.) Ultimately, Plaintiff requests monetary damages to compensate him for the deprivation of his civil liberties and due process rights. (Am. Compl. ¶ 65.)

As a threshold issue, Defendants seek dismissal of Plaintiff's § 1983 claim on grounds that the Court lacks subject matter jurisdiction. Defendants contend that Plaintiff's § 1983 "claim is jurisdictionally barred by the Rooker-Feldman[2] doctrine," which provides that "lower federal courts lack subject matter jurisdiction over challenges to state court proceedings." (Mem. in Supp. at 7 (footnote added).) As direct support for this proposition, Defendants cite Rosenfeld v. Egy, 346 F.3d 11 (1st Cir. 2003), and Zhu v. Federal Housing Financial Board, 389 F. Supp. 2d 1253 (D. Kan. 2005), arguing that "the Rooker Feldman doctrine bars federal court actions challenging state court restraining orders on the ground that such orders were based on incorrect information." (Mem. in Supp. at 8.) Plaintiff responds that "the Rooker Feldman doctrine does not deprive the Court of subject matter jurisdiction because the plaintiff is not seeking a federal court

---

[2] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

order that would effectively overturn one or more state court rulings." (Mem. in Opp'n at 2.)

With the limited exception of habeas corpus actions, the Rooker Feldman doctrine denies a federal court subject matter jurisdiction "whenever a federal claim would succeed only to the extent that the state court wrongly decided the issues before it." Simes v. Huckabee, 354 F.3d 823, 827 (8th Cir. 2004). The losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. Facio v. Jones, 929 F.2d 541, 543 (10th Cir. 1991).

Not only does the Rooker Feldman doctrine bar cases seeking direct review of state court judgments, it also bars cases that are "inextricably intertwined" with a prior state court judgment. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983). If adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously decided, the claim is inextricably intertwined with the merits of the state court judgment. Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997). "The fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir. 1996).

The facts of the present case are closely analogous to Rosenfeld v. Egy, 346 F.3d 11 (1st Cir. 2003). In Rosenfeld, a discharged police officer sought relief in federal court pursuant § 1983 for decisions made by the defendants, a police chief and fellow officer. 346 F.3d at 12. As a basis for his § 1983 claim, the plaintiff alleged that "his constitutional rights were violated as a result of [the defendant's] improper involvement in both the issuance and continuance of his wife's restraining order." Id. at 18. The district court determined that the plaintiff's claim was barred by the Rooker Feldman doctrine because "an assessment of the merits of Rosenfeld's claim would effectively require it to review judgments made by the probate court in issuing, and then continuing the restraining order." Id. The First Circuit affirmed the district court's conclusion:

> Rosenfeld's alleged constitutional injury — the restraining order that "seized his liberty" — could only exist to the extent that the probate court wrongly decided to issue, and later continue, the restraining order. In other words, Rosenfeld's liberty never would have been "seized" — and his dubious constitutional claim never raised — had the probate court determined that a restraining order was not warranted. Rosenfeld's claim against Egy is, then, essentially a challenge to the reliability of the evidence supporting the continuance of the restraining order — an issue that is "inextricably intertwined" with the claims adjudicated in state court. The Rooker Feldman doctrine prevents us from addressing it.

Rosenfeld, 346 F.3d at 19. See also Zhu v. Federal Housing Fin. Bd., 389 F. Supp. 2d 1253, 1272-73 (D. Kan. 2005) (holding the Rooker Feldman deprives the court of subject matter jurisdiction over claims that plaintiff sustained injuries on account of a state court restraining order).

Like Rosenfeld, in this case Plaintiff is challenging the merits of the restraining orders issued by state court.  Plaintiff's wife sought OFPs on three separate occasions during 2002 and 2004.  (Am. Compl. ¶¶ 1, 6, 12.)  On each occasion, Libman and the Office's staff members assisted her in preparing and filing a petition for an OFP, which was then submitted to Ramsey County District Court for resolution.³  (Am. Compl. ¶¶ 2, 7, 11.) Plaintiff alleges that the OFP petitions submitted by Defendants "had neither facts shown that support allegations of an immediate and present danger of domestic abuse or infliction of fear, nor [was there] material evidence [to] support an immediate and present danger or infliction of fear to exercise the [D]omestic [A]buse [A]ct . . . ."  (Am. Compl. ¶¶ 2, 8, 12.) Plaintiff also claims that "[i]t is not too much to ask that of Minnesota trial courts that they make decision[s] in order for protection cases based on adequate findings of fact supported by competent evidence."  (Am. Compl. ¶ 29.)  It is clear from Plaintiff's allegations that whether the allegations in the OFP petitions were substantiated is "inextricably intertwined" with the judgments issued by Ramsey County District Court.  See Feldman, 460 U.S. at 482.  The Eighth Circuit has held that alleged "misrepresentations perpetrated in the state court proceedings" by third parties do not bar application of the Rooker Feldman doctrine. Johnson v. City of Shorewood, 360 F.3d 810, 819 (8th Cir. 2004).  Such is the case here.

---

³ Pursuant to the Minnesota Domestic Abuse Act, Minn. Stat. § 518B.01(4)(e), Ramsey County District Court is required to "provide simplified forms and clerical assistance to help with the writing and filing of petitions" for Orders for Protection.

Accordingly, the Court will dismiss Plaintiff's § 1983 claim for lack of subject matter jurisdiction.

## II.    State Common Law Claims

Plaintiff alleges two state common law claims. First, as a basis for his negligence claim, Plaintiff contends that Defendants "willfully and intentional[ly] failed their duty of care to plaintiff by not investigating the unsubstantiated allegations that must involve adjudication of the facts before submitting a petition to the court for an [OFP]," when such a duty of care is required by the Minnesota Domestic Abuse Act. (Am. Compl. ¶¶ 5, 14, 47.) Plaintiff claims that these actions by Defendants "caused a breach of duty that caused false imprisonment and violation of due process," as well as "emotional distress, mental anguish, humiliation, great embarrassment, and emotional scarring." (Am. Compl. ¶ 48.) Second, as a basis for his false imprisonment claim, Plaintiff contends that he was "falsely incarcerated" as a result of the allegedly unsubstantiated OFPs. (Am. Compl. ¶ 65.)

Because the Court will dismiss Plaintiff's only federal claim, original jurisdiction over this case will be extinguished. Pursuant to 28 U.S.C. § 1367(c)(3), this Court may, *sua sponte,* decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction." Johnson v. City of Shorewood, 360 F.3d 810, 819 (8th Cir. 2004). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Based on §

9

1367(c)(3) and <u>Johnson</u>, the Court will dismiss Plaintiff's state common law claims for negligence and false imprisonment.

## CONCLUSION

Based on the foregoing, and all of the files, records and proceedings herein, it is **ORDERED** that Defendants' Motion to Dismiss (Doc. No. 11) is **GRANTED** with respect to Plaintiff's federal claim under 28 U.S.C. § 1983, and that federal claim is **DISMISSED WITH PREJUDICE**; pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims for negligence and false imprisonment and those state law claims are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: April 25, 2006                              s/ Richard H. Kyle
                                                   RICHARD H. KYLE
                                                   United States District Judge